IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Justin Brooks Cockrell and David Cockrell, | ) | C.A. No. 3:11-CV-2042-CMC |
| | ) | |
| Plaintiffs, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| Lexington County School District One, John | ) | |
| Doe, Len Doe, and James Doe individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Justin Brooks Cockrell and David Cockrell ("Plaintiffs") assert a claim for gross negligence and a violation of 42 U.S.C. § 1983 against Lexington County School District One ("District") and three unnamed individuals who are alleged to have been employees of District during the relevant time period ("Doe Defendants"). Plaintiff Justin Brooks Cockrell ("Plaintiff Justin"), who has now graduated, attended two schools in Lexington County. Plaintiff David Cockrell ("Plaintiff David") is Plaintiff Justin's father.

This matter is before the court on (1) Plaintiffs' motion for relief from the court's August 31, 2011 order granting District's motion to dismiss as unopposed (Dkt. No. 9), and (2) Plaintiffs' motion for leave to file a second amended complaint[1] (Dkt. No. 18).

For the reasons set forth below, the court grants Plaintiffs' motion for relief from the court's order of dismissal and considers Plaintiffs' arguments in opposition to District's motion to dismiss.[2]

---

[1] Before the case was removed to this court, Plaintiffs had amended their complaint once. Rule 15(a)(2) requires that Plaintiffs seek leave to amend their complaint again.

[2] Although Plaintiffs' motion for relief also seeks an enlargement of time to file a memorandum in opposition to District's motion to dismiss, Plaintiffs include their arguments in their memorandum in support of their motion for relief from the order of dismissal. Dkt. No. 9-2 at 7-9.

Having considered Plaintiffs' arguments, the court grants District's motion to dismiss the claims asserted against District.

The only remaining claims are against the unnamed, unserved Doe Defendants. On November 18, 2011, the court will dismiss Plaintiffs' claims asserted against the Doe Defendants under Rule 4(m) of the Federal Rules of Civil Procedure unless they have been identified and timely served.

The court will provide Plaintiffs with an opportunity to amend the gross negligence claim on behalf on Plaintiff Justin. The court, therefore, grants Plaintiffs' motion for leave to file a second amended complaint as to Plaintiff Justin's gross negligence claim and denies the motion as to all other claims.

## BACKGROUND

On March 30, 2011, Plaintiffs filed a complaint ("Complaint") in state court. Plaintiffs subsequently filed an amended complaint on July 6, 2011 ("Amended Complaint"). District removed this action to federal court on August 4, 2011. Dkt. No. 1. The Doe Defendants have never been identified and have, therefore, never been served. On August 12, 2011, District filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] Dkt. No. 4. Plaintiffs did not file a response to District's motion to dismiss by the August 29, 2011 deadline. On August 31, 2011, the court granted District's motion to dismiss as unopposed.[4] Dkt. No. 6. The court, however, deferred entering judgment until the parties addressed the following issues: (1) whether there was any impediment to entry of judgment in light of the naming of the Doe Defendants; (2)

---

Plaintiffs also construe their arguments included in their motion for relief as "Plaintiffs' Memorandum in Opposition to Defendant's Motion." *Id.* at 6.

[3] District alternatively sought a more definite statement.

[4] The court's dismissal was without prejudice except as to the theories expressly pleaded.

2

whether Plaintiffs intended to proceed against the Doe Defendants in light of the dismissal of the claims against the District; and (3) whether Plaintiffs had made any efforts to identify and serve the Doe Defendants.  Dkt. No. 6.

On September 9, 2011, Plaintiffs filed a motion for relief from the court's order of dismissal, or to alter or amend the order under Rule 54(b), 59(e), or 60(b) of the Federal Rules of Civil Procedure.  Dkt. No. 9.  Plaintiffs also requested that the court enlarge the time to respond to District's motion to dismiss.  *Id.*  Plaintiffs' attorney explained that she did not learn of District's motion to dismiss until after the dismissal order was entered.  Dkt. No. 9-1 at 2.

According to Plaintiffs, their attorney did not receive notice of the motion to dismiss because notices of electronic filing ("NEFs") for all federal court activity were redirected from her email inbox to a subfolder designated for "Newsletters."  *Id.*  She explained by affidavit that she did not realize that she had received any NEFs until the evening of September 6, 2011, when she checked her "Newsletters" inbox.  *Id.*

In its response filed September 26, 2011, District argues that, even if the NEFs sent to Plaintiffs' attorney were redirected to an email subfolder, she was on notice of the deadlines imposed by the Federal Rules of Civil Procedure and the deadline for District to answer or move to dismiss.  Dkt. No. 17 at 2-3.  Further, District notes that Plaintiffs' attorney filed Plaintiffs' answers to interrogatories on August 19, 2011, at which point she should have read the docket and observed District's motion to dismiss.  *Id.* at  3.  The filing of Plaintiffs' answers to interrogatories also triggered an NEF of case activity on August 19, 2011, which District argues should have placed Plaintiffs' attorney on notice that she was not properly receiving NEFs.  *Id.*  Despite these red flags, Plaintiffs' attorney did not recognize the problem and, as a result, did not respond to District's motion to dismiss.

Plaintiffs did not file a reply brief, which was due October 6, 2011, to address District's arguments in opposition to Plaintiff's motion for relief from the order of dismissal.

In addition to a motion for relief from the order of dismissal, Plaintiffs filed a motion for leave to file a second amended complaint ("Second Amended Complaint") on September 30, 2011. Dkt. No. 18 (with a proposed Second Amended Complaint attached). Plaintiffs argue that the proposed Second Amended Complaint cures certain deficiencies identified by District in its motion to dismiss. *Id.* at 2. District opposes the motion, arguing that the proposed Second Amended Complaint is futile as it does not cure any deficiencies and would not survive a motion to dismiss. Dkt. No. 23. District also argues that Plaintiffs' request to amend the complaint is a dilatory tactic prompted by their desire to obtain more time to serve the unnamed Doe Defendants. *Id.* at 2. Plaintiffs did not file a reply brief, which was due October 27, 2011. Thus, Plaintiffs did not address District's arguments on futility or dilatory motive.

## I.    MOTION FOR RELIEF FROM ORDER GRANTING MOTION TO DISMISS

Under Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). As District notes, motions for relief from orders based on an attorney's failure to meet court imposed deadlines are generally analyzed under the excusable neglect prong of Rule 60. *See Santee-Lynches Affordable Housing and Comm. Development Corp.*, No. 3:09-1015, 2010 WL 670096, at *1 (D.S.C. Feb. 22, 2010). The Supreme Court has set forth a two-step process for determining whether excusable neglect exists: (1) the court must first find that the failure to comply with the deadline was a result of neglect; and (2) the court must then determine that the neglect is excusable. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Neglect "encompasses both simple, faultless omissions to act and, more commonly,

4

omissions caused by carelessness." *Id.* The court finds that there was neglect in this matter as there is no indication that Plaintiffs' attorney intentionally failed to respond to the court's deadline. Accordingly, the court must determine whether it was excusable neglect by examining the following factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

First, the court finds that there is no prejudice to District by granting Plaintiffs' motion for relief. After granting District's motion as unopposed, the court did not enter judgment in favor of District and waited for the parties to respond to questions related to the Doe Defendants. District does not argue that it will suffer prejudice and the court cannot foresee any prejudice if the court grants Plaintiffs' motion for relief. Second, the court finds that the delay caused by Plaintiffs was minimal, as Plaintiffs filed this motion for relief nine days after the court's order of dismissal. The delay also has little impact on the judicial proceedings as this case is at an early stage and judgment had not been entered dismissing District. The court also finds that Plaintiffs acted in good faith by the timely filing of their motion for relief.

The court, however, finds that the reason for the delay is something within the control of Plaintiffs' attorney. The court has considered Plaintiffs' explanation regarding their attorney's failure to receive NEFs. For the reasons identified in District's response, the court finds little justification for this failure. *See* Dkt. No. 17. First, as a participant in the court's electronic filing system, Plaintiffs' attorney had a duty to ensure that her system was properly set up to receive notices. Even disregarding this duty, Plaintiffs were on notice of District's deadline to respond to

the Amended Complaint on or before August 12, 2011.[5]  Further, the filing of answers to interrogatories on August 19, 2011 should have alerted Plaintiffs' attorney to any email problems by that date (seven days after District filed its motion to dismiss) because she presumably did not receive an NEF in her email inbox after her own filing.  Similar problems asserted by Plaintiffs in the future will not be excused.  The court will not, however, punish Plaintiffs for their attorney's lack of diligence in this particular circumstance.

After considering and balancing all of the factors in the case, the court grants Plaintiffs' motion for relief from the court's order of dismissal.  Accordingly, the court reopens District's motion to dismiss (Dkt. No. 4) and considers the motion below.

The court grants Plaintiffs' request to extend their deadline to file a memorandum in opposition to District's motion to dismiss.  The deadline of August 29, 2011 is extended to September 9, 2011, which is the date Plaintiffs filed their memorandum in opposition as part of their memorandum in support of their motion for relief.  The court, therefore, considers Plaintiffs' arguments in opposition to the motion to dismiss.

## II.    MOTION TO DISMISS AMENDED COMPLAINT

Plaintiffs' Amended Complaint alleges two causes of action: (1) gross negligence, and (2) 42 U.S.C. § 1983 based on a violation of the Eighth Amendment.  District argues that Plaintiffs' Amended Complaint fails to state a cause of action and should, therefore, be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As to the claim for gross negligence, District argues that (1) the Amended Complaint does not cite factual allegations, but rather contains legal conclusions (Dkt. No. 4-1 at 3); (2) District Defendant did not owe Plaintiff David a duty of care (*Id.*

---

[5]  Under Rule 81(c)(2) of the Federal Rules of Civil Procedure, District was required to answer or otherwise respond to Plaintiffs' Amended Complaint seven days after the notice of removal was filed.

6

at 4-5); and (3) the Amended Complaint establishes an affirmative defense (*Id.* at 5-7).  As to their

42 U.S.C. § 1983 claim, District argues that a student cannot claim a violation of the Cruel and

Unusual Punishments Clause of the Eighth Amendment because the clause only applies to

incarcerated individuals.  Dkt. No. 4-1 at 7-8.  In Plaintiffs' opposition to District's motion to

dismiss, Plaintiffs failed to specifically address the legal issues raised by District.

**Standard.**  A motion under Rule 12(b)(6) should be granted only if, after accepting all well-

pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set

of facts in support of his claims that entitles him to relief.  *See Edwards v. City of Goldsboro*, 178

F.3d 231, 244 (4th Cir. 1999).  Although the court must consider the facts in the light most favorable

to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts."

*Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D.*

*Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).  The court may also disregard any

"unwarranted inferences, unreasonable conclusions, or arguments."  *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is

certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be

suggested by the facts alleged.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoted in *Giarratano*, 521 F.3d at

302).  *See also Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972) ("Under the liberal rules of

federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the

court to infer that all the required elements of the cause of action are present.").

Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard.

Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than

mere conclusory statements in support of his claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (court need only accept as true the complaint's *factual* allegations, not its legal conclusions); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003) (holding that "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief.").  The Supreme Court recently explained the pleading standard:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557, 127 S. Ct. 1955.

*Ashcroft*, 129 S. Ct. at 1949.

**Gross Negligence.**  District argues that Plaintiffs' gross negligence claim is not pled with specificity and "is merely a formulaic recitation of the elements of gross negligence, which states legal conclusions couched as factual allegations."  Dkt. No. 4-1 at 3.  District also argues it did not owe Plaintiff David (as the father of a student) a duty of care (*Id.* at 4-5) and the Amended Complaint establishes an affirmative defense (*Id.* at 5-7).  Plaintiffs defend their claim for gross negligence in one paragraph, arguing only that the South Carolina Supreme Court has recognized that "a school district owes a duty of care to its students."  Dkt. No. 9-2 at 9.  Plaintiffs fail to address any of District's specific arguments and only cite to three cases to support their claim for gross negligence.  *Id.*

8

Plaintiffs' claim for gross negligence is brought pursuant to the South Carolina Tort Claims Act ("TCA").[6]  The TCA waives sovereign immunity for torts committed by South Carolina's governmental entities, subject to exceptions and exclusions.  The TCA provides that a governmental entity will not be liable for a loss resulting from any "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, . . . except where the responsibility or duty is exercised in a grossly negligent manner."  S.C. Code Ann. § 15-78-60(25) (2005).  Gross negligence is defined as "the failure to exercise slight care," or the "intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do."  *Steinke v. South Carolina Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 395, 520 S.E.2d 142, 153 (1999).  The TCA does not waive sovereign immunity for a school district's *negligent* supervision, protection, control, confinement, or custody of a student.

Plaintiffs acknowledge that they must plead the following elements to state a claim for gross negligence: (1) District owed Plaintiffs a duty of care; (2) District breached that duty by a grossly negligent act or omission; (3) District's breach was an actual and proximate cause of Plaintiffs' injury; and (4) Plaintiffs suffered an injury or damages.  Dkt. No. 9-2 at 9.  Instead of explaining how the facts alleged in their Amended Complaint support these elements, Plaintiffs only argue that "District owed a duty to care to Plaintiff Justin as a matter of law."  Dkt. No. 9-2 at 9.  Plaintiffs argue that § 15-78-60(25) of the TCA "specifically imposes a duty on the District [] not to supervise,

---

[6] Although Plaintiffs' Amended Complaint does not identify the TCA as the source of their gross negligence claim against District, Plaintiffs argue in their memorandum in opposition to District's motion to dismiss that the duty of care owed to Plaintiffs is imposed by the TCA, and specifically § 15-78-60(25).  Dkt. No. 9-2 at 9.  Further, in their proposed Second Amended Complaint, Plaintiffs allege that District is liable for gross negligence pursuant to the TCA.  Dkt. No. 18-1 at ¶ 85.  The court, therefore, interprets Plaintiffs' Amended Complaint as alleging that District is liable for gross negligence under § 15-78-60(25).

protect, control, confine, or exercise custody of a student in a grossly negligent manner."[7]  Dkt. No. 9-2 at 9.  District agrees that South Carolina schools have a duty to exercise some care with respect to the supervision and control of their students.  Dkt. No. 4-1 at 4 n.1.  The court concludes that District had a duty "not to supervise . . . or exercise custody" of Plaintiff Justin -- a student in District's custody -- in a "grossly negligent manner."[8]  Under their claim for gross negligence, Plaintiffs allege that District had a duty to supervise its employees and students to prevent injuries resulting from "assault, batteries, taunting and bullying" and to investigate incidents of such conduct.

Plaintiffs have pled sufficient facts to support that District had a duty to supervise Plaintiff Justin while he was in its schools.[9]

In an effort to plead a breach of District's duty of care, Plaintiffs allege that "[w]hile a student at White Knoll Schools,[10] Plaintiff Justin was harassed, bullied, assaulted and battered by teachers, and other personnel or staff of [] District, and by students of White Knoll Schools throughout the course of the year."  Dkt. No. 1-1 at ¶ 15.  The Amended Complaint fails to specify when this abusive conduct occurred (which year) and fails to recount incidents of the harassment, bullying, or assault of Plaintiff

---

[7]  To the extent Plaintiffs argue that the TCA is the source of the duty of care owed to students by public school districts, Plaintiffs are incorrect.  The TCA waives governmental immunity for some torts committed by governmental entities, but does not create new causes of action.  *Proctor v. Dep't of Health and Environ. Control*, 368 S.C. 279, 290-91, 628 S.E.2d 496 (2006).

[8]  *See Doe v. Greenville County Sch. District*, 375 S.C. 63, 651 S.E.2d 305 (2007) (holding that trial court erred in dismissing negligent supervision claim against school district for failure to protect student from known danger); *Grooms v. Marlboro County Sch. District*, 307 S.C. 310, 414 S.E.2d 802 (Ct. App. 1992) (recognizing that school district has a duty to supervise students).

[9]  The court concludes that Plaintiffs have not pled sufficient facts to establish that District owed Plaintiff David (Plaintiff Justin's father) a duty of care.  Plaintiffs have not provided the court with any legal authority to support their allegation that a school district owes the parent of a student a duty of care.  Further, Plaintiffs have not alleged any injury specific to Plaintiff David.

[10]  In Plaintiffs' proposed Second Amended Complaint, Plaintiffs explain that Plaintiff Justin attended White Knoll Middle School and White Knoll High School.  Dkt. No. 18-1 at ¶ 15.

Justin, including what incidents involved teachers, staff, or students. Plaintiffs' "naked assertion[s]" that District failed to protect Plaintiff Justin from abusive conduct are devoid of "further factual enhancement." The Amended Complaint simply fails to plead facts to support a claim that the District "intentional[ly], conscious[ly] fail[ed] to do something which it is incumbent upon one to do." The court finds that Plaintiffs have failed to plead that District exercised in a grossly negligent manner its duty to supervise Plaintiff Justin.

Plaintiffs have similarly failed to allege facts to support that Plaintiff Justin was injured or suffered damages as a result of harassment, bullying, or other alleged misconduct. Plaintiffs merely include a legal conclusion that "[a]s a direct and proximate result of the above described conduct and breach of duty by Defendants, Plaintiffs have suffered actual damages in an amount to be determined." Dkt. No. 1-1 at ¶ 27. The only damages described in the Amended Complaint relate to the District's alleged failure to properly educate or provide guidance to Plaintiff Justin. Those damages are described as a reduction in Plaintiff Justin's class rank and in his ability "to apply for and receive scholarships to institutions of higher learning." *Id.* at ¶ 17.

The court, therefore, dismisses Plaintiffs' claim for gross negligence against District for failure to state a claim.[11] As explained below in Section III, Plaintiffs are granted leave to file a Second Amended Complaint to properly allege a gross negligence claim against District on behalf of Plaintiff Justin.

**Section 1983.** Plaintiffs assert a 42 U.S.C. § 1983 claim, alleging violations of Plaintiffs' rights under the Eighth Amendment. Plaintiffs allege that District "violated [Plaintiffs'][12] right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the Constitution of the

---

[11] Dismissing the Amended Complaint for failure to plead facts sufficient to establish a claim for gross negligence, the court need not consider District's argument that the Amended Complaint alleges facts sufficient to establish an affirmative defense to the gross negligence claim.

[12] Plaintiffs offer no theory of how Defendants subjected Plaintiff David to cruel and unusual punishment.

United States specifically by responding to Plaintiff Justin's disability needs with deliberate indifference." Dkt. No. 1-1 at ¶ 35. District argues that this claim should be dismissed because the Supreme Court has held that the Eighth Amendment was designed to protect those convicted of crimes and has no application absent a formal adjudication of guilt following a criminal prosecution. Dkt. No. 4-1 at 7-8 (citing *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983); *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401 (1977)). Plaintiffs fail to address District's arguments regarding their § 1983 claim. In their memorandum in response to District's motion to dismiss, Plaintiffs merely assert that "[t]he Amended Complaint also adequately states facts to support a claim pursuant to 42 U.S.C. § 1983. *See Kelly v. Richland School District 2*, 463 F. Supp. 216 (D.S.C. 1978)."[13] *Id.*

The court agrees that the Eighth Amendment has no application in the public school setting. In *Ingraham*, the Supreme Court declined to extend the Eighth Amendment's prohibition against cruel and unusual punishments to ban the paddling of students in public schools. 430 U.S. at 671. The Court traced the history of the Eighth Amendment and explained that it was written to protect persons committed of crimes. *Id.* at 664-668. Plaintiffs have not alleged that Plaintiff Justin was an inmate or prisoner. Neither have Plaintiffs provided any legal support that the Eighth Amendment is applicable to a school district's response to a student's disability. The court, therefore, dismisses Plaintiff's claim under 42 U.S.C. § 1983.

**Doe Defendants.** The only remaining claims are against the unnamed, unserved Doe Defendants, alleged to be three unknown individuals who were "public actors employed by Defendant School District." Dkt. No. 1-1 at ¶¶ 3-4.

---

[13] The court notes that *Kelly* is not a case involving a § 1983 claim based on an Eighth Amendment violation, but rather based on racial discrimination.

On August 31, 2011, the court ordered Plaintiffs to explain what action had been taken to identify and serve the Doe Defendants. In response filed September 20, 2011, Plaintiffs stated that they will "substitute parties for certain of the Doe Defendants" in their proposed Second Amended Complaint. Dkt. No. 14 at 3. Plaintiffs also stated that "they intend to proceed against [the Doe Defendants] and, as evidenced by the Motion to Amend the Complaint, to be filed, has [sic] identified certain of the Doe Defendants . . . ." *Id.* Contrary to Plaintiffs' prior representation to the court, Plaintiffs have not substituted individuals for the Doe Defendants in their proposed Second Amended Complaint (filed September 30, 2011) and the allegations contained within it provide no new information about the Doe Defendants.

More than 120 days have passed since the filing of the original complaint in state court on March 30, 2010, and Plaintiffs have neither identified nor served the Doe Defendants. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant." On November 18, 2011,the court will dismiss Plaintiffs' claims against Doe Defendants under Rule 4(m) for failure to serve the Doe Defendants within 120 days.

## III.    MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

As explained above, Plaintiffs seek leave to file a Second Amended Complaint and have submitted a proposed Second Amended Complaint. Having already amended their complaint once in state court prior to removal, Plaintiffs are required to seek leave from the court to file a Second Amended Complaint. Plaintiffs' proposed Second Amended Complaint alleges four causes of action: (1) gross negligence; (2) 42 U.S.C. § 1983; (3) Section 504 of the Rehabilitation Act; and (4) Americans with Disabilities Act. Dkt. No. 18-1. According to Plaintiffs, their "proposed Second

13

Amended Complaint attempts to address Defendant School District's alleged deficiencies [identified in its memorandum in support of its motion to dismiss] and sets forth a more definite statement and facts underlying the allegations." Dkt. No. 18 at 2.

District argues that the proposed amendments do not cure any deficiencies, and that allowing the amendments would be futile because the proposed Second Amendment Complaint would not survive a motion to dismiss. Dkt. No. 23 at 3-7. According to District, the two additional causes of action under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act, as well as the reformulation of the 42 U.S.C. § 1983 claim based on a violation of the Fourteenth Amendment, fail to state a claim for which relief can be granted. *Id.*

District also argues that leave should be denied because Plaintiffs have a dilatory motive. Dkt. No. 23 at 7-8. According to District, Plaintiffs' seek to file another amended complaint in hopes of restarting the clock for timely service. *Id.* Plaintiffs did not file a reply and, therefore, did not address any of District's arguments on futility and dilatory motive. As explained below, Plaintiffs' motion for leave to file a Second Amended Complaint is granted in part and denied in part. The court grants Plaintiffs' motion for leave to file their proposed Second Amended Complaint to allow Plaintiff Justin to amend his gross negligence claim. The court denies Plaintiffs' motion as to their claims under 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act.

**Standard.** Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying this rule, the United States Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as

> the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962). *See also Ward Elec. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir. 1987) ("a change in the theory of recovery and one prior amendment of the complaint [were] not sufficient to justify denial of leave to amend under the principles of *Foman*" absent some resulting prejudice to the opposing party); *Davis v. Piper Airline Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."). A proposed amendment may be denied as futile if the proposed amended complaint would not survive a motion to dismiss. *Burns v. AAF-McQuay, Inc.,* 166 F.3d 292, 294-95 (4th Cir. 1999) (affirming denial of motion to amend based on futility).

The court first considers District's futility argument with respect to each of Plaintiffs' claims asserted in the proposed Second Amended Complaint. The court then considers whether any other factors support denial of Plaintiffs' motion for leave to amend.

**Gross Negligence.** Plaintiffs' proposed Second Amended Complaint adds allegations relating to the alleged harassment, bullying, assaults, and batteries of Plaintiff Justin "by teachers, and other personnel or staff." Plaintiffs allege that sometime between March 2004 and October 2004 Plaintiff Justin was assigned a "qualified individual to be Justin's 'shadow' to assist him with managing his learning disabilities to enable him to learn." Dkt. No. 18-1 at ¶ 21. Sometime thereafter, Plaintiffs allege that District replaced his shadow with a new shadow ("new shadow") that "was not trained or qualified to work with children with the types of disabilities suffered by Justin." *Id.* at 23. On October 28, 2004, Plaintiffs allege that the new "shadow had a physical encounter with Justin, causing Justin

to be injured and bruised.  Justin was transported to Lexington Medical Center."[14]  *Id.* at ¶ 24. Plaintiffs later describe the physical encounter as an "attack on Justin."  *Id.* at ¶¶ 26-27.

The court finds that the proposed Second Amended Complaint sufficiently alleges a claim for gross negligence on behalf of Plaintiff Justin.  The court, however, does not find that the proposed Second Amended Complaint alleges a claim of gross negligence on behalf of Plaintiff David. Plaintiffs' proposed Second Amended Complaint provides no new allegations which suggest District owes a duty to Plaintiff David or that Plaintiff David suffered an injury.  In the absence of any allegation that Plaintiff David is bringing the case on behalf of his minor son, Plaintiff David's claim for gross negligence is not cured by the proposed amendments.

The court, therefore, finds that the amendments are not futile with respect to Plaintiff Justin's gross negligence claim.[15]  The court will allow Plaintiffs an opportunity to amend their complaint to assert a claim for gross negligence on behalf of Plaintiff Justin based on the alleged attack.

---

[14]  Plaintiffs also allege that the "individual filed an incident report with the Lexington County's Sheriff's Department indicating that Justin was the aggressor of the altercation.  In the incident report, the individual characterized the incident type as a suicide attempt and an assault." *Id.* at ¶ 25.  After this incident, Plaintiffs allege that Plaintiff Justin was provided educational services at home (*Id.* at ¶ 26), and that when he returned to the school part-time in January 2006, he was placed with a third shadow (*Id.* at ¶ 41).

[15]  In support of dismissal of the Amended Complaint, District argued that the allegations established an "affirmative defense" to Plaintiffs' gross negligence claim.  Dkt. No. 4-1 at 5-7. District argues that under the TCA (S.C. Code Ann. § 15-78-60(4)), a government entity will have immunity for losses resulting from "adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to any charter, provision, ordinance, rule, regulation, or written policies." *Id.* at 6.  The court does not find that this is applicable based on the face of either the Amended Complaint or proposed Second Amended Complaint.

16

**Section 1983.**  The court finds that Plaintiffs' proposed amendment to their 42 U.S.C. § 1983 claim is futile.  In addition to realleging that Defendants violated Plaintiffs' Eighth Amendment rights,[16] Plaintiffs allege that Defendants deprived Plaintiff Justin of liberty and property under the Fourteenth Amendment.  Dkt. No. 18-1 at ¶ 97.  Plaintiffs allege that Plaintiff Justin "had a property interest in his placement in the correct grade, in his class rank, and in the honors and academic recognition, he should have received." *Id.* at ¶ 95.  Although Plaintiffs allege that "[t]he acts and omissions of [] District constituted arbitrary state action and impermissible discrimination," Plaintiffs fail to specifically identify which "acts and omissions" violated Plaintiffs' Fourteenth Amendment rights. *Id.* at ¶ 96.  Plaintiffs' proposed Second Amended Complaint suggests that the claim is based on the District's requirement that Plaintiff Justin complete an end-of-year physical science exam, which lowered his class rank and grade point average ("GPA"), adversely impacting his access to institutions of higher learning, scholarships, and other opportunities. *Id.* at ¶ 58, 72, 95, 97.  Regarding honors and academic recognition, Plaintiffs allege that Plaintiff Justin's name was not listed as one of the top scholars in a congratulatory letter even though he was in the top 10% of his graduating class, his name was omitted from a newspaper article listing the students in the top 10% of his class (which was later corrected in the newspaper), and he received his invitation to an awards banquet honoring the top 10% of his class after the event had occurred. *Id.* at ¶¶ 60-61.

District argues that Plaintiffs have failed to allege any denial of due process, which is fatal to any claim based on a violation of the Due Process Clause in the Fourteenth Amendment.  Dkt. No. 23 at 7.  Further, District argues that, although labeled as a § 1983 claim, Plaintiffs are improperly attempting to assert a claim for educational malpractice, which is not recognized by South Carolina

---

[16]  Again, Plaintiffs fail to allege how Plaintiff David was subject to cruel and unusual punishment.

courts.[17]  *Id.* (citing *Hendricks v. Clemson Univ.*, 353 S.C. 449, 458, 578 S.E.2d 711 (2003) (university not liable for loss of education and athletic scholarships resulting from alleged acts and omissions of school personnel)).

To plead a procedural due process claim, Plaintiff Justin must establish that (1) he had property or a property interest (2) of which District deprived him (3) without due process of law.  *See Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810 (4th Cir. 1995).  The court assumes without deciding that Plaintiff Justin had a property interest "in his placement in the correct grade, in his class rank, and in his honors and academic recognition."[18]  However, the court finds no allegations to suggest that Plaintiff Justin was not placed in the correct grade or that he failed to receive honors or awards he earned.  Further, the proposed Second Amended Complaint fails to allege what process was due to him before he was allegedly deprived of his interest in the above-described property.  Plaintiffs failed to direct the court to any allegation suggesting what process District owed to Plaintiff Justin.  The court concludes that Plaintiffs' proposed Second Amended Complaint fails to allege a procedural due process claim.  Accordingly, the court finds that Plaintiffs' proposed amendment to their 42 U.S.C. § 1983 claim based on a violation of the Fourteenth Amendment is futile.[19]

---

[17]  The court agrees that Plaintiffs' allegations do not rise to the level of a federal constitutional violation, but rather suggest a claim for education malpractice, which District has noted is not a recognized cause of action in South Carolina.

[18]  The court thinks it is unlikely that Plaintiff Justin had an expectation of entitlement to the celebration or public recognition of academic honors and awards he earned.  *See Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994) ("A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'") (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).  While he may have had an expectation of entitlement in his class rank based on the grades he earned, he likely did not have an expectation of entitlement in the celebration of his class rank.

[19]  District interpreted Plaintiffs' claim based on the Fourteenth Amendment as a procedural due process claim.  Because Plaintiffs did not take advantage of the opportunity to correct District's

**Section 504 of the Rehabilitation Act.** Plaintiffs propose to add a cause of action under Section 504 of the Rehabilitation Act, which provides "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. District argues that this claim fails because it is barred by the applicable statute of limitations. Dkt. No. 23 at 3.

The Rehabilitation Act does not contain a specific limitations period. When a federal statute contains no limitations period, Congress has directed courts to borrow the most appropriate state statute of limitations to apply to the federal claim. 42 U.S.C. § 1988. *See also, McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 129 (4th Cir. 1994) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1986)). District argues that the statute of limitations should be 180 days because the Office of Civil Rights Division of the United States Department of Education ("Department") has adopted a regulation, 34 C.F.R. 105.41(d), requiring that all complaints of alleged discrimination in violation of Section 504

---

interpretation in a reply brief, the court adopts District's interpretation. The court also notes that a substantive due process claim similarly would not survive a motion to dismiss. The allegations regarding District's requirement that Plaintiff Justin take an end-of-year test and District's failure to properly recognize Plaintiff Justin's achievement of graduating in the top 10% of his class do not suggest "state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford County*, 946 F.2d 278, 281 (4th. Cir. 1991).

To the extent that Plaintiffs allege a violation of equal protection, Plaintiffs also fail to state a claim. "[E]qual protection claims [can be] brought by a 'class of one,' where a plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiffs have failed to allege that Defendants treated Plaintiff Justin differently than other disabled students without a rational basis. *See Lindsley ex rel. Kolodziejczack v. Girard Sch. Dist.*, 213 F. Supp. 2d 523, 530 (W.D. Pa. 2002) (dismissing plaintiff's equal protection claim where plaintiff failed to allege that defendants treated any similarly situated student differently). In fact, Plaintiffs allege that Plaintiff Justin was treated differently than his "non-disabled" peers, not differently than his disabled peers. *See* Dkt. No. 18-1 at ¶¶ 54, 55, 57, 59, 61.

over which the Department has jurisdiction be filed with the Department within 180 days.[20]  The court

does not interpret this regulation as setting forth a statute of limitations for private civil suits filed in

federal court against a local school district. District cites no support for applying a 180-day statute of

limitations to Rehabilitation Act claims.  None of the cases reviewed by the court applied a 180-day

statute of limitations for claims brought under the Rehabilitation Act based on 34 C.F.R. 105.41(d).[21]

The court, therefore, rejects District's argument to apply a 180-day limitations period to Plaintiff's

claim under the Rehabilitation Act.

In the alternative, District argues that the court should apply the one-year statute of limitations

in the South Carolina Human Affairs Law ("SCHAL").  SCHAL was passed by the South Carolina

Legislature specifically to address claims of discrimination occurring in South Carolina, including

discrimination based on disability. S.C. Code Ann. § 1-13-10, et. seq. SCHAL provides that a claimant

may file a lawsuit within one year from the date of the violation alleged.  *See* S.C. Code Ann. §§

1-13-90(d)(7) and (8), (e) and (f). The Fourth Circuit has held that claims brought under Section 504

---

[20]  The regulation applies to allegations of discrimination on the basis of handicap in programs  conducted by the Department of Education. 34 C.F.R. 105.41(a). For complaints against the Department of Education, except where those complaints relate to employment, "[t]he Department shall accept and investigate all complete complaints for which it has jurisdiction.  All complete complaints must be filed within 180 days of the alleged act of discrimination.  The Department may extend this time period for good cause."  34 C.F.R. 105.41(d).

[21]  The court discovered a case where the Fourth Circuit applied a 180-day statute of limitations to a Rehabilitation Act claim in North Carolina. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127 (4th Cir. 1994).  In *McCullough*, the district court found that the state's personal injury statute was most analogous to the Rehabilitation Act and thus applied its three-year limitations period. *Id.* at 129.  The Fourth Circuit reversed and applied a 180-day limitations period, which was borrowed from a North Carolina statute protecting the rights of disabled persons, which is called the North Carolina Handicapped Persons Act.  *Id.* at 130-32. The court concluded that the North Carolina Handicapped Persons Act was the most analogous state statute and that the 180-day limitations period was consistent with the federal policies underlying the Rehabilitation Act.  *Id.* at 131.

of the Rehabilitation Act are governed by the limitations periods set forth in state laws prohibiting discrimination on the basis of disability. *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir. 1993) (finding that one year statute of limitations provided by the Virginia Human Affairs Law was most analogous statute for claim brought under the Rehabilitation Act). In employment discrimination cases, the Fourth Circuit has found SCHAL most analogous. *Moore v. Greenwood Sch. District No. 52*, 195 Fed. Appx. 140, 2006 WL 2385268 (4th Cir. Aug. 18, 2006) (applying one-year limitations period found in SCHAL to a Title IX claim for employment discrimination because SCHAL was most analogous). In a case involving disability access to a South Carolina Department of Motor Vehicles ("DMV") office, this court found that the one-year limitations from the SCHAL applied to plaintiffs' Rehabilitation Act claim. *Childers v. County of York South Carolina*, No. 0:06-897, 2008 WL 552879 (D.S.C. Feb. 26, 2008). *See also Vandeusen v. Adams*, No. 3:06-1092, 2007 WL 2891502 (D.S.C. July 31, 2007) (applying one-year statute of limitations to Rehabilitation Act claim based on lack of disability access at DMV office).

Plaintiffs have not argued that a longer statute of limitations is applicable. In light of Plaintiffs' silence on the issue and case law supporting application of a one-year limitation, the court applies the one-year statute of limitations found in SCHAL to Plaintiffs' claim under Section 504 of the Rehabilitation Act.

Plaintiffs' case was originally filed in state court on March 30, 2011. The last alleged violation in the proposed Second Amended Complaint occurred on March 16, 2010, when Plaintiff allegedly learned that he had not been timely invited to an award's banquet held on February 23, 2010. This act is outside of the one-year limitations period because it did not occur on or after March 30, 2010. No allegations describe any act of discrimination after March 30, 2010. The court, therefore, concludes that Plaintiffs' Rehabilitation Act is untimely and that an amendment to add this claim is futile.

**Americans With Disabilities Act.** District also argues that Plaintiffs' proposed claim under the Americans With Disabilities Act ("ADA") is time-barred. Again, Plaintiffs have failed to respond to this argument.

Title II of the ADA, like the Rehabilitation Act, does not contain a statute of limitations.[22] Pursuant to 42 U.S.C. § 12134(a), the Attorney General is empowered to promulgate regulations to effectuate the purposes of Title II of the ADA, and pursuant to this authority 28 C.F.R. § 35.170(b) has been promulgated requiring that a complaint under Title II against a public entity be filed within one hundred and eighty (180) days of the alleged discriminatory act. Dkt. No. 23 at 3-4 (citing *White v. University of South Carolina*, No. 93-1293, 1996 WL 276540, at *2 (D.S.C. 1996); *Vandeusen v. Adam*, No. 3:06-3281, 2007 WL 2891502 (D.S.C. 2007)). District argues that this regulation prescribes the statute of limitations for ADA Title II claims. This court has previously applied a 180-day limitations period to ADA claims based on 28 C.F.R. § 35.170(b). *See Childers v. County of York South Carolina*, No. 0:06-897, 2008 WL 552879 (D.S.C. Feb. 28, 2008). The court, however, considers that a reasonable argument can be made that a one-year statute of limitations applies to Plaintiff's ADA claim for the same reasons a one-year limitations period applies to Plaintiff's Rehabilitation Act claim. The Fourth Circuit has held that courts should engage in the same substantive analysis for determining the limitations period for both the ADA and the Rehabilitation Act "[b]ecause the language of the two statutes is substantially the same." *A Society Without a Name v. Virginia*, 655 F.3d 342 (4th Cir. 2011) (borrowing statute of limitations for an ADA claim from most analogous state law and applying a one-year limitations period to Rehabilitation Act and ADA claims). Were the court to find that SCHAL is the South Carolina statute that is most similar to the ADA, the court would borrow its one-year statute

---

[22] Title II of the ADA prohibits discrimination against a "qualified individual with a disability" by a public entity with respect to the provision of services, programs, or activities by state and local governments. 42 U.S.C.A. § 12132.

of limitations. In other words, the court concludes that either a 180-day or one-year limitations period applies to Plaintiffs' ADA claim. The court need not decide which is the applicable statute of limitations because Plaintiffs' ADA claim fails under either a 180-day or one-year limitations period.

As explained above, the last alleged violation in the proposed Second Amended Complaint occurred on March 16, 2010 and Plaintiffs' original complaint in this case was filed March 30, 2011. If the 180-day period for filing complaints under 28 C.F.R. § 35.170(b) is the applicable statute of limitations for private civil suits filed in federal court, Plaintiffs' claim would be barred because there are no acts of discrimination alleged on or after September 30, 2010. If the one-year limitations period borrowed from SCHAL is the applicable statute of limitations, Plaintiffs' claim would be similarly barred. Plaintiffs' proposed Second Amended Complaint fails to allege an act of discrimination within either limitations period and the court finds that an amendment to add an ADA claims would be futile as the claim is time-barred.

**Other *Foman* Factors.** Plaintiffs have repeatedly failed to properly advocate for their claims both in opposition to District's motion to dismiss and in support of their proposed amendments. Plaintiffs' Amended Complaint was dismissed due to Plaintiffs' failure to oppose District's motion to dismiss. After relieving Plaintiffs from the order of dismissal, the court considered the merits of District's motion to dismiss and Plaintiffs' two-paragraph argument against dismissal. Plaintiffs' arguments were unconvincing, and the court concluded that dismissal was appropriate under Rule 12(b)(6). Plaintiffs also requested that the court provide them an opportunity to file a Second Amended Complaint. District opposed Plaintiffs' request and argued that Plaintiffs' amendments were futile. Plaintiffs never filed a reply brief responding to District's arguments. The court has provided Plaintiffs every opportunity to salvage their case. Plaintiffs, however, provided the court with little or nothing in the way of legal argument to indicate that they have a cognizable claim. Having concluded that Plaintiffs' proposed amendments are futile as to their 42 U.S.C. § 1983, Rehabilitation Act, and

Americans with Disabilities Act claims, and that Plaintiffs failed to advocate to save their claims, the court denies Plaintiffs' motion for leave to file a Second Amended Complaint as to these claims. The court, however, grants Plaintiffs' motion for leave to file a Second Amended Complaint as to Plaintiff Justin's gross negligence claim.

## CONCLUSION

For the reasons set forth above, the court grants Plaintiffs' motion for relief from the court's August 31, 2011 order of dismissal. Dkt. No. 9. After considering Plaintiffs' arguments contained in their motion for relief, the court grants District's motion to dismiss. Dkt. No. 4.

The court denies Plaintiffs' motion for leave to file a Second Amended Complaint to amend their 42 U.S.C. § 1983 claim and add claims under the Rehabilitation Act and the Americans with Disabilities Act. Dkt. No. 18. The court, however, grants Plaintiffs' motion for leave to amend Plaintiff Justin's gross negligence claim against District.

Plaintiffs shall file a second amended complaint limited as indicated above within seven calendar days of entry of this order and shall serve the same within seven calendar days thereafter.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 15, 2011